19 F.3d 1430
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Benjamin COOK, Sr., Defendant-Appellant.
 No. 93-5615.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 17, 1994.
Decided: March 10, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., Senior District Judge. (CR-92-106)
 Michael P. O'Connell, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.
 J. Preston Strom, Jr., United States Attorney, J. Brady Hair, Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Benjamin Cook, Sr., pleaded guilty to conspiring to commit bank robbery and to launder money, in violation of 18 U.S.C. Secs. 2 and 371 (1988); and to concealing an escaped prisoner, in violation of 18 U.S.C. Sec. 1072 (1988). He received a consecutive sentence of five years on the conspiracy count and three years on the count charging him with concealing an escaped prisoner, for a total of eight years (ninety-six months) of incarceration. The district court also imposed a combined three-year term of supervised release. Cook now appeals. Cook's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the sentence, but indicating that in his view there are no meritorious issues for appeal.
 
 
 2
 Cook's counsel raises the question of whether the trial court erred in imposing a consecutive, rather than a concurrent, sentence. He also asserts generally that the United States Sentencing Commission exceeded its authority when it promulgated guideline sections 2X1.1(a) and 5G1.2(d),* and thereby required imposition of consecutive sentences in cases such as this. For the reasons which follow, these contentions are without merit.
 
 
 3
 The statutory maximum sentence for conspiracy is five years, 18 U.S.C. Sec. 371, while the statutory maximum sentence for the offense of concealing an escaped prisoner is three years. 18 U.S.C. Sec. 1072. The applicable sentencing range under the guidelines, on the other hand, is 108-135 months, based on the guideline applicable to bank robbery, U.S.S.G. Sec. 2B3.1, as made applicable to the conspiracy count by guideline section 2X1.1. The remaining count of concealing an escaped prisoner did not affect the guideline range, due to the grouping rules of Part D of Chapter 3 of the guidelines.
 
 
 4
 Guideline section 5G1.1 provides that the statutory maximum sentence should control where that maximum is less than the applicable guideline sentence. Because the statutory maximum for conspiracy, the offense with the longer sentence, was less than the minimum sentence which would have applied to these offenses under the guidelines, the district court imposed consecutive sentences reflecting the statutory maximums on both counts in order to more closely approximate the guideline range, as dictated by guideline section 5G1.2. This resulted in an eight-year sentence, well below the guideline range. Given the dictates of the applicable guidelines, we find no abuse of discretion in the district court's imposition of consecutive terms of imprisonment.
 
 
 5
 Cook's remaining argument that the Sentencing Commission exceeded its authority by promulgating guidelines referencing statutory maximums, and by then mandating consecutive sentences for multiple counts of conviction where the statutory maximums were less than the guideline range, is frivolous on its face. The Sentencing Commission has express statutory authority to determine whether multiple terms of imprisonment should run concurrently or consecutively. 28 U.S.C. Sec. 994(a)(1)(D) (1988).
 
 
 6
 In accordance with Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1993), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 7
 For these reasons, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual Secs. 2X1.1(a), 5G1.2(d) (Nov.1992)